# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO LUIS NOGUERAS, | CASE NO. 1:12-cv-01365-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER (1) DISMISSING EQUITABLE RELIEF CLAIMS, WITHOUT LEAVE TO AMEND, AND (2) DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. LOPEZ, et al., | |
| Defendants. | (Doc. 1) |
| | THIRTY-DAY DEADLINE |

**First Screening Order**

**I.     Screening Requirement and Standard**

Plaintiff Eugenio Luis Nogueras, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 August 21, 2012.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Discussion

### A. Allegations

Plaintiff, a former state prisoner, brings this action against Chief Medical Officer S. Lopez, Doctor Larry Dileo, and Registered Nurse Tina Nicoles for violating his rights under the Eighth Amendment of the United States Constitution while he was incarcerated at Kern Valley State Prison (KVSP) in Delano, California.

Prior to his incarceration, Plaintiff was being treated for diverticulitis and he was on a bland, high fiber diet which relied upon fruits and vegetables. While at the Tulare County Jail, Plaintiff was provided with a bland, high fiber diet as recommended by his personal physician.

After his transfer into the custody of the California Department of Corrections and Rehabilitation (CDCR), Plaintiff was treated by outside specialists for various gastrointestinal problems, including hernias, colitis, gastritis, and intestinal polyps. The specialists also recommended a high fiber diet with fruits and vegetables. When Plaintiff returned to KVSP, however, Defendant Dileo prescribed fiber tablets rather than a diet which relied upon fruit and vegetables for increased fiber.

Plaintiff also alleges that he had hernia surgery on June 29, 2011, and the incision was closed with surgical staples. When Plaintiff was seen by Defendant Nicoles to have the staples removed

two weeks later, she used a stationery staple remover, which Plaintiff alleges caused him extreme, unnecessary pain.

### B. Eighth Amendment Medical Care Claims

#### 1. Legal Standard

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). However, negligence does not support a claim for relief under section 1983. Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977)). While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow, 681 F.3d at 985; Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

#### 2. Defendant Lopez

Defendant Lopez is the Chief Medical Officer at KVSP, and she cannot be held liable for the actions or omissions of her subordinates based on a theory of *respondeat superior*. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). In this instance, Plaintiff's complaint is devoid of any facts supporting the existence of a basis for liability other than *respondeat superior*. E.g., Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Therefore, Plaintiff fails to state a claim against Defendant Lopez.

#### 3. Defendant Dileo

Plaintiff's allegation that Defendant Dileo prescribed fiber tablets to accommodate Plaintiff's need for a high fiber diet rather than a diet based on increased fresh fruits and vegetables, as recommended by outside physicians, does not support a claim under section 1983. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987

///

(9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).

### 4. Defendant Nicoles

Finally, Plaintiff's allegation that Defendant Nicoles used a stationery stapler to remove his surgical staples does not state a claim for relief. The incident simply does not amount to a knowing disregard of a substantial risk of harm to Plaintiff's health, Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994), and even assuming the incident might rise to the level of negligence, negligence is not sufficient to support a claim, Snow, 681 F.3d at 987-88.

### C. Request for Equitable Relief

In addition to damages, Plaintiff seeks declaratory and injunctive relief. However, because Plaintiff's claim for damages necessarily entails a determination whether his rights were violated, his separate request for declaratory relief is subsumed by those claims, Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (quotation marks omitted), and because Plaintiff is neither incarcerated at KVSP nor in CDCR custody, he lacks standing to pursue a claim for injunctive relief, Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); Mayfield v. United States, 599 F.3d 964, 969-73 (9th Cir. 2010); Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001). In the event that Plaintiff is able to cure the deficiencies in his claims as identified in the preceding subsections, he is limited to seeking damages.

## III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, and liability may not be imposed on supervisory personnel under the theory of *respondeat superior*. Iqbal, 556

U.S. at 676-77, 129 S.Ct. at 1948-49; <u>Simmons</u>, 609 F.3d at 1020-21; <u>Ewing</u>, 588 F.3d at 1235; <u>Jones</u>, 297 F.3d at 934.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's claims for declaratory and injunctive relief are dismissed, without leave to amend, for failure to state a claim;

2. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   March 12, 2013**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE