# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO LUIS NOGUERAS, | Case No. 1:12-cv-01365-SKO (PC) |
| Plaintiff, | ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND STAYING DISCOVERY PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST |
| v. | |
| S. LOPEZ, et al., | |
| Defendants. | (Doc. 26) |

Plaintiff Eugenio Luis Nogueras ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 21, 2012. This action for monetary damages is proceeding against Defendant DiLeo ("Defendant") for violating Plaintiff's right to adequate medical care under the Eighth Amendment of the United States Constitution. On November 7, 2014, Defendant filed a motion seeking a protective order staying discovery pending resolution of his concurrently-filed motion for summary judgment for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 56. (Doc. 26.) Plaintiff filed an opposition on February 13, 2015, Defendant filed a reply on March 12, 2015, and the motion has been submitted upon the record without oral argument. (Doc. 32, Opp., court record p. 6; Doc. 37.)

The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 117 (2013); *Hunt*, 672 F.3d at 616; *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th

Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); *see also Gibbs v. Carson*, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendant is entitled to judgment on Plaintiff's claim against him if the Court determines the claim is unexhausted. *Albino*, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. *Gibbs*, 2014 WL 172187, at *3. In *Albino*, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. *Albino*, 747 F.3d at 1170.

To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); *Albino*, 747 F.3d at 1170-71; *Wyatt v. Terhune*, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by *Albino*, 747 F.3d at 1168-69). Here, however, Plaintiff's opposition makes no showing that he needs any specific discovery in order to oppose the exhaustion motion. To the contrary, Plaintiff's opposition merely evidences a blanket desire to engage in full merits-based discovery.

Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendant's motion for a protective order shielding him from discovery pending

resolution of his exhaustion motion is HEREBY GRANTED and discovery is STAYED.[1]  Fed. R. Civ. P. 26(c); *Albino*, 747 F.3d at 1170-71.

IT IS SO ORDERED.

Dated:   **April 8, 2015**                              /s/ Sheila K. Oberto
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] If Defendant's motion for summary judgment is denied, the Court will issue an amended scheduling order. (Doc. 24.)